10-4816-ag
Chen v. Holder

BIA
A079 682 751

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand eleven.

PRESENT:
>        GUIDO CALABRESI,
>        REENA RAGGI,
>        RICHARD C. WESLEY,
>            *Circuit Judges.*

_____

FAN CHEN,
>        *Petitioner,*

>        v.                                    10-4816-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:      Jeffery E. Baron, Baron & Shelkin, P.C., New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Fan Chen, a native and citizen of the People's Republic of China, seeks review of an October 25, 2010, order of the BIA denying his motion to reopen. *In re Fan Chen*, No. A079 682 751 (B.I.A. Oct. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have reviewed the agency's denial of Chen's motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). As Chen does not challenge the BIA's findings regarding his family planning claims or the denial of *sua sponte* reopening, we address only his arguments concerning changed country conditions. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Because Chen's motion to reopen was untimely, he was required to establish changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). He presented the agency with evidence suggesting that religious activity was more

2

vigorously suppressed in some regions of China surrounding the Olympic Games.  However, the agency reasonably determined that this evidence did not establish a material change in conditions for Chen, because it showed that persecution varied region by region and did not show changes in Chen's home province, Fujian.  *See  Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).

The agency also reasonably determined that Chen's great-aunt's letter, describing a raid on a house church and the destruction of a church in Chen's hometown, did not establish a change in the persecution of Christians as Chen provided no evidence about prior conditions in the town to establish that these events constituted a material change since his 2003 merits hearing.  *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007).

Chen argues that the BIA abused its discretion by failing to draw a link between his evidence about his home town and his wider evidence of an increase in the suppression of Christians.  However, the BIA was not required to draw any such inference.  *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007).  Thus, because the BIA reasonably concluded that Chen did not establish a change in

3

country conditions, it did not abuse its discretion by denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4